LOCAL 589, AMALGAMATED TRANSIT UNION *vs.* MASSACHUSETTS BAY TRANSPORTATION AUTHORITY. November 6, 1996. *Arbitration,* Collective bargaining, Arbitrable question. *Labor,* Grievance procedure, Arbitration.

In this appeal, transferred here on our own motion, the plaintiff, Local 589, Amalgamated Transit Union (union), challenges (a) the failure of a Superior Court judge to order the defendant (MBTA) to proceed to arbitration of a grievance (see G. L. c. 150C, § 2 [1994 ed.]) and (b) the entry of summary judgment for the MBTA. The union commenced this action because an arbitrator had decided that the grievance involved the MBTA's exercise of its statutory rights and thus was nonarbitrable, relying on his interpretation of *Massachusetts Bay Transp. Auth.* v. *Local 589, Amalgamated Transit Union,* 406 Mass. 36 (1989). The judge ruled on cross motions for summary judgment that, under G. L. c. 161A, § 19 (*i*) (1994 ed.), the MBTA's challenged action was not susceptible to collective bargaining because the MBTA acted in the exercise of its inherent management right. We agree.

The issue arose from an MBTA decision not to move a part-time bus operator to full-time status strictly on the basis of seniority if that part-time operator had on his or her record, within the previous two years, certain suspensions or "three preventable or safety-related accidents." The union argues that the only significant difference between full-time and part-time bus operators is the hours of work and that G. L. c. 161A, § 19, makes hours of work a subject of collective bargaining and not a matter of inherent management right. The MBTA in turn relies on the statutory definition of "inherent management right" which includes the right "to direct, appoint, employ, assign and promote" employees and "to determine the standards therefor." G. L. c. 161A, § 19.

The record shows that the only meaningful difference between full-time and part-time operators' positions is not the respective hours of work. Applying the ordinary meaning of the word "assign" (see *Massachusetts Bay Transp. Auth.* v. *Local 589, Amalgamated Transit Union, supra* at 40), we conclude that the MBTA is assigning personnel when it determines to change a bus operator from a part-time to a full-time position and is determining the standards for assignment when it places conditions on the circumstances in which the change will be made.

The judge was correct in entering summary judgment for the MBTA. What we decide in this appeal may have little, if any, continuing significance in light of the changes in G. L. c. 161A, § 19, set forth in St. 1995, c. 38, §§ 149-150.

*Judgment affirmed.*

*Douglas Taylor* of the District of Columbia (*John McMahon* with him) for the plaintiff.

*Walter M. Foster* for the defendant.